<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY GARVIN,<br><br>*Defendant*. | Crim. No.: 19-cr-35 (KSH)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

  Anthony Garvin has moved (D.E. 266) for a stay of his surrender to the Bureau of Prisons pending his appeal of his conviction for bank fraud. His sentence is 24-30 months, which this Court imposed after denying his motion to withdraw his guilty plea to a five-count superseding indictment charging conspiracy to commit bank fraud and four substantive counts relating to four fraudulent HELOC loans. The parties are fully familiar with the underlying facts, as is the Court, having presided over Garvin's case since his arrest in November 2017.

  The government and the defense have satisfactorily briefed the Court on the governing law, and agree on the basic points to be considered. (D.E. 266, Def. Mov. Br. at 2-3; D.E. 271, Gov't Opp. Br. at 2-3.) Both sides refer the Court to *United States v. Miller*, 753 F.2d 19 (3d Cir. 1985), which announced the presumption against bail after conviction set forth in the governing statute, 18 U.S.C. § 3143(b)(1), noting that a defendant found guilty and sentenced to prison "shall" be detained pending appeal absent specified exceptional circumstances. Both sides note the statutory language that defendant may overcome the presumption against bail by showing s/he is not likely to flee or pose a risk to the community *and* that the pending appeal is not for the purpose of delay

*and raises a substantial question of law or fact likely to result in reversal, a new trial, a non-custodial sentence, or a reduced sentence that is less than time served and the expected time before the appeal will be decided.* 18 U.S.C. § 3143(b)(1) (emphasis added).

Garvin pleaded guilty after the third day of his jury trial on the superseding indictment. The main witnesses against him, his co-conspirators who had entered guilty pleas and were cooperating with the government, were due to testify on the next day of trial. His appeal argues that this Court abused its discretion in denying his motion to withdraw his guilty plea based on an event that took place during his plea hearing, specifically a fainting spell.

Garvin entered the plea on December 2, 2022. He filed a *pro se* motion to withdraw his guilty plea some three weeks later, and asked for the appointment of new counsel. The Court appointed new counsel, not for the first time, and Ms. Gauli-Rufo now represents Garvin on the within motion and before the Third Circuit as well as on the motion to withdraw, on which she filed supplemental papers on Garvin's behalf. The Court denied the motion to withdraw after oral argument and set a surrender date, which has been extended to April 2, 2024. (D.E. 279.)

As to the within motion to further extend Garvin's surrender until his appeal is decided,[1] Garvin has met the threshold requirements of 18 U.S.C. § 3143(b)(1) insofar as he does not pose a risk to the community nor is he appealing for purposes of delay. During the course of this prosecution, the government has never opposed Garvin's many requests to travel to the Dominican Republic, and he has regularly attended court proceedings, suggesting he does not appear likely to flee. The issue is whether his appeal raises a substantial question of law or fact likely to achieve a reversal, a new trial, or a significantly reduced sentence.

---

[1] Garvin's appellate brief was filed February 27, 2024.

When the Court denied the motion to withdraw, the single point of reference in the appeal, it relied not only on the applicable law but on its own impressions of the voluntariness of Garvin's testimony when he told the Court that he was ready to proceed (Tr. 21:22-22:6) and testified, as the factual basis was put on the record, that he had conspired to commit bank fraud and participated in the fraudulent HELOC loans (Tr 26:1-29:23).  In assessing the within application the Court has once again reviewed the pertinent portions of that transcript—the exchanges between Garvin's trial attorney and the Court (Tr. 19:8-20:11) and between the Court and Garvin (Tr. 16:20-17:5; 17:23-19:7; 21:22-22:6).  All are indices of Garvin's recovery from his brief fainting spell and of his willingness to proceed with his guilty plea then and not wait until the following Monday as offered to him by the Court and by his trial attorney.

> THE COURT:  So, Mr. Garvin, I need to ask you specifically.  Are you ready to proceed?  I see you nodding, but you are muted.  There you go.  Are you ready to proceed, sir?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Are you feeling okay?
>
> THE DEFENDANT:  Feeling better.  Yes.
>
> THE COURT:  Okay.  Fine.  Not only better but ready?
>
> THE DEFENDANT:  Yes.
>
> (Tr. 21:22-22:6.)

Garvin went on to allocate to the counts in the superseding indictment.  After he testified to the factual basis for his guilt, the transcript reflects another exchange between Garvin and the Court.

> THE COURT:  Mr. Garvin, did you understand all of the questions that Mr. Klingeman just asked you?
>
> THE DEFENDANT:  I did.
>
> THE COURT:  Okay.  And did anybody force you to give the answers that you gave?
>
> THE DEFENDANT:  No.

>THE COURT:  Okay.  And did you have a chance, even in advance of this hearing to review the questions with him?
>
>THE DEFENDANT:  Yes, I did.
>
>THE COURT:  So that none of them were a surprise, am I right about that?
>
>THE DEFENDANT:  Right.

(Tr. 30:5-16.)

Insofar as Garvin's appeal raises the issues of the Court's exercise of discretion in not halting the plea process after Garvin "passed out" (as he described the experience), the transcript strongly reflects a basis for what the Court did.  As an appellate issue, the question of abuse of discretion is neither novel, previously undecided by controlling precedent, nor is it—here the most applicable factor—"fairly doubtful," *Miller*, 753 F.2d at 23, insofar as there are direct exchanges between Garvin and the Court about his willingness to proceed.

Additionally, what the transcript shows with clarity is the government's point in its opposition to this motion that Garvin has not asserted his innocence as a basis to withdraw his plea.  During his plea hearing, Garvin had a strong emotional reaction to the point of passing out after the government began to list all the enhancements he was exposed to, notwithstanding the understandings that both sides had reached.  After Garvin reacted and the government sought to explain its cautions, the Court asked him directly, "What is bothering you the most?" (Tr. 17:24.)

>THE DEFENDANT:  I'm getting -- what is bothering me the most is that, *yes, I am looking to take responsibility*, but it seems like without a plea agreement the thing I keep hearing, I'm leaving myself exposed now.

(Tr. 18:4-7 (emphasis added).)

Here, Garvin does not waver from that underlying understanding—he is not denying he is guilty of the charges.  Instead he urges that the circumstances of his plea hearing were such as to "raise a substantial question as reasonable jurists could debate about the merits of his claim," that

it is "reasonably debatable as to whether his plea was knowing and voluntary," that "reasonable minds can differ as to whether Mr. Garvin's counsel's conduct went beyond the bounds of professional norms by not insisting the proceedings halt until Mr. Garvin received medical attention." (D.E. 266, Def. Reply Br. at 4-5.) These arguments rehash what was put before the Court on the motion to withdraw the guilty plea. By their very nature these arguments place squarely before the decisionmaker whether *an abuse of discretion occurred*, because any arguable issue will find reasonable minds on both sides of it. The question is whether the Court's reasonable mind acted unreasonably, and under the governing authority, that is not a "substantial" question warranting a stay.

Garvin's motion for a stay of his surrender date is denied. Given this ruling, per D.E. 279 his extended date for voluntary surrender is Tuesday, April 2, 2024. An appropriate order will be entered.

Dated: March 25, 2024                                    /s/ Katharine S. Hayden
                                                          Katharine S. Hayden, U.S.D.J.